# UNITED STATES DISTRICT COURT

## EASTER DISTRICT OF LOUISIANA

| | |
|---|---|
| **NAYANA AMBARISH PAREKH, INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF AMBARISH RAMNIKRAI PAREKH** | **CIVIL ACTION** |
| | **NO.** |
| | **SECTION** |
| **VERSUS** | |
| **ARGONAUTICA SHIPPING INVESTMENTS B.V., WEBER MARINE, INC. AND** | **JUDGE** |
| **ABSOLUTE OUTDOOR, INC.** | **MAG. JUDGE** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES

**TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA AND THE JUDGES THEREOF:**

The Complaint of Nayana Ambarish Parekh, individually and as personal representative of decedent, Ambarish Ramnikrai Parekh, a person of majority age who resides at all material times in St. John the Baptist Parish, Louisiana, with respect represents:

1.

Made defendants herein are:

(a) Argonautica Shipping Investments B.V. (herein after "Argonautica"), a foreign corporation authorized to do and doing business in this State and Judicial District at all material times;

(b) Weber Marine, Inc. (herein after "Weber Marine"), a Louisiana corporation authorized to do and doing business in this State and Judicial District at all material times; and

(c) Absolute Outdoor, Inc. (herein after "Absolute Outdoor"), a foreign corporation authorized to do and doing business in this State and Judicial District at all material times.

## BACKGROUND FACTS

2.

At all relevant times, defendant, Argonautica, owned, operated and controlled the M/V AFRICAN RAPTER, a 656.10 foot Bahamian flagged cargo vessel bearing IMO number 9727405 and employed her crew.

3.

At all relevant times, defendant, Weber Marine, owned, operated and controlled the forty two foot crew boat C/B MISS RACHEL, used to transport personnel and supplies, transport cargo inspectors/surveyors and deliver ship's stores and provisions to and from ships at anchor or alongside docks on the Mississippi River between Baton Rouge, Louisiana and New Orleans, Louisiana and employed the crew of said crew boat.

4.

At all relevant times, defendant, Absolute Outdoor, Inc., manufactured and sold the Onyx Model A/M24 inflatable personal floatation device, which device was placed into commerce throughout the United States including the Eastern District of Louisiana.

5.

At all relevant times, decedent, Captain Ambarish Ramnikrai Parekh, was employed as a Senior Surveyor and Port Captain by Maritech Commercial, Inc., for which job decedent earned approximately $158,000.00 annually, plus fringe benefits.

6.

On or about July 17, 2016, decedent was transported aboard THE C/B MISS RACHEL with a crew of one Captain to the M/V AFRICAN RAPTER, near mile marker 124 in the lower Mississippi River near Donaldsonville, Louisiana.

7.

As decedent was attempting to board the M/V AFRICAN RAPTER from the C/B MISS RACHEL in a mid-river personnel transfer operation, decedent fell into the Mississippi River from a ramp or gangway device connecting the two vessels.

8.

After decedent fell into the Mississippi River he was seen by crew members of the M/V AFRICAN RAPTER, the Captain of the C/B MISS RACHEL and a third party passenger as decedent was struggling to swim and stay above water while awaiting rescue.

9.

No meaningful rescue attempt was made by either the M/V AFRICAN RAPTER or the C/B MISS RACHEL despite ample time and opportunity to do so, which resulted in decedent eventually being carried away from the vessels and pulled underwater by the river current.

10.

At the time of the fall, decedent was wearing an inflatable personal floatation device model number A/M24 bearing the brand name Onyx and manufactured by defendant Absolute Outdoor.  Decedent's life jacket never inflated as was designed, intended and required for the device to function as a personal floatation device.

11.

On July 19, 2016, decedent's body was found by a passing tug boat on a bank of the Mississippi River wearing the failed personal floatation device.  Decedent drowned according to the Ascension Parish Coroner's Office.

## FOR A FIRST CAUSE OF ACTION

### 12.

The above-described incident and resulting drowning death of decedent, Captain Ambarish Ramnikrai Parekh, was caused in whole or part by the joint and concurring fault and negligence of defendants, Argonautica, Weber Marine and Absolute Outdoor, as follows:

(a) Argonautica, as owner of the M/V AFRICAN RAPTER and employer of her crew, is liable for the negligence and fault of her crew in their failure to insure a safe means of ingress to the M/V AFRICAN RAPTER in a mid-river personnel transfer operation, failure to have the appropriate number of crew members on proper station during the transfer, and failing to take measures to effect a rescue at sea;

(b)  Weber Marine was negligent in operating the C/B MISS RACHEL with a crew of one which prevented her crew from participating in a rescue at sea effort and for failing to provide decedent with a safe means of egress from the crew boat; and

(c) Absolute Outdoor was negligent in manufacturing and placing into commerce a product, Onyx personal floatation device model number A/M24, that was defective and reasonably certain to place the life of a user like decedent in peril due to a defect in the product's ability to inflate and thereby provide buoyancy to the user.

### 13.

The fault and negligence of defendant, Weber Marine, occurred within the privity and knowledge of this defendant, as the vessel was undermanned and incapable of performing a rescue at sea when she left the dock on July 17, 2016.

4

14.

The aforesaid casualty and resulting drowning death of decedent, Captain Ambarish Ramnikrai Parekh, caused extreme preterminal pain, fright and fear of imminent death to decedent for which he, through personal representative, Nayana Ambarish Parekh, is entitled to compensatory damages in an amount to be determined by this Honorable Court.

15.

Jurisdiction of this first cause of action against the aforesaid defendants is based upon the general maritime law of the United States.

**AND FOR A SECOND CAUSE OF ACTION**

16.

Plaintiff re-avers and re-alleges each and every allegation of fact and law previously pled herein as if re-pled in their entirety.

17.

Defendant, Absolute Outdoor, Inc., as manufacturer of the Onyx model A/M24 personal floatation device, is strictly liable to plaintiff as it was the party best able to protect persons like decedent from its defective and unreasonably dangerous personal floatation device, a defect which caused a failure of the device to inflate and provide buoyancy to decedent.

18.

The aforesaid product defect caused extreme preterminal pain, fright and fear of imminent death to decedent for which he, through personal representative, Nayana Ambarish Parekh, is entitled to compensatory damages in an amount to be determined by this Honorable Court.

19.

Jurisdiction of this second cause of action against the aforesaid defendant is based upon the general maritime law of the United States.

## AND FOR A THIRD CAUSE OF ACTION

20.

Plaintiff re-avers and re-alleges each and every allegation of fact and law previously pled herein as if re-pled in their entirety.

21.

At all material times, plaintiff was the lawful spouse of decedent, Captain Ambarish Ramnikrai Parekh.

22.

As a result of the casualty described herein, plaintiff has suffered loss of consortium, society and financial support, for which losses she is entitled to damages in an amount to be determined by this Honorable Court.

23.

Jurisdiction of this third cause of action against the aforesaid defendant is based upon the general maritime law of the United States.

WHEREFORE, plaintiff, Nayana Ambarish Parekh, individually and as personal representative of decedent, Captain Ambarish Ramnikrai Parekh, prays that defendants, Argonautica Shipping Investments B.V., Weber Marine, Inc. and Absolute Outdoor, Inc., be dually cited and served with a copy of this Complaint and after due proceedings had there be judgment rendered herein in favor of plaintiff and against defendants, Argonautica Shipping Investments B.V., Weber Marine, Inc. and Absolute Outdoor, Inc., for compensatory damages in

an amount sufficient to adequately compensate plaintiff and those she represents as personal representative, for legal interest on all amounts to which legal interests attaches from date of judicial demand until paid, for all costs of this suit and for all additional general and equitable relief to which plaintiff may be entitled herein.

Respectfully submitted,

/s/ Paul M. Sterbcow
PAUL M. STERBCOW (#17817)
BETH E. ABRAMSON (#27350)
Lewis, Kullman, Sterbcow & Abramson
601 Poydras Street, Suite 2615
New Orleans, Louisiana 70130
Tel:    504-588-1500
Fax:    504-588-1514
sterbcow@lksalaw.com
babramson@lksalaw.com

COUNSEL FOR PLAINTIFF


**<u>PLEASE SERVE:</u>**

Argonautica Shipping Investments B.V.
Strawinskylaan 333 Wtc, Tower B
Amsterdam, Noord-Holland, 1077 XX
The Netherlands

Weber Marine, Inc.
10148 Louisiana Hwy. 44
Convent, LA  70723

Absolute Outdoor, Inc.
1209 Franklin Avenue NE
Sauk Rapids, MN  56379