UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| NAYANA AMBARISH PAREKH, Plaintiff | CIVIL ACTION |
|---|---|
| VERSUS | NO. 16-13731 c/w 16-14729 |
| ARGONAUTICA SHIPPING INVESTMENTS B.V. et al Defendants | SECTION: "E" (3) |

## ORDER AND REASONS

Before the Court is a motion for judgment on the pleadings filed by Plaintiff Nayana Ambarish Parekh ("Plaintiff"), individually and as the personal representative of decedent, Ambarish Ramnikrai Parekh ("Decedent").[1] The motion is opposed.[2] For the following reasons, the motion is **GRANTED**.

## BACKGROUND

On July 17, 2016, the Decedent, a marine cargo surveyor employed by Maritech Commercial, Inc., fell into the Mississippi River as he was attempting to board the M/V AFRICAN RAPTOR from the C/B MISS RACHEL.[3] At the time of his fall, the Decedent was wearing an inflatable life vest manufactured by Defendant Absolute Outdoor, Inc. ("Absolute").[4] The vest, designed to self-inflate when wet, never inflated.[5] The deflated vest was on the Decedent's body when he was located in the river by a passing vessel two days after the incident.[6]

---

[1] R. Doc. 25. The Plaintiff is the spouse of the Decedent.
[2] R. Doc. 28.
[3] R. Doc. 6 at 3. The M/V AFRICAN RAPTOR was a 656.10-foot Bahamian flagged bulk cargo vessel. *Id.* at 2. The C/B MISS RACHEL, a 42-foot crew boat, was owned and controlled by Defendant Weber Marine, LLC. *Id.*
[4] *Id.*
[5] *Id.* at 3–4.
[6] *Id.* at 4.

On August 9, 2016, the Plaintiff filed this civil action and also an action *in rem* against the M/V AFRICAN RAPTOR.[7] The Plaintiff pleaded negligence against the M/V AFRICAN RAPTOR and strict products liability against Absolute as the manufacturer of the allegedly defective life vest.[8] For each count, the Plaintiff alleged "This cause of action against the aforesaid defendants is based upon the general maritime law of the United States."[9]

On November 4, 2016, Absolute filed its answer to the Plaintiff's complaint, in which it included a jury demand and affirmative defenses relating to the Louisiana Products Liability Act ("LPLA").[10]

On February 9, 2017, the Plaintiff filed the instant motion, arguing Absolute's jury demand is improper and its affirmative defenses alleging the application of the LPLA must be stricken because this case is governed solely by the general maritime law.[11] Specifically, the Plaintiff seeks to strike Absolute's jury demand and Affirmative Defenses 5, 7, 8, 9, 10, and 12.[12]

**LAW AND ANALYSIS**

I. **Plaintiff's Wrongful Death Action under General Maritime Law Includes an Action for Products Liability**

In this case, the Plaintiff brings a claim for strict products liability under general maritime law. The Plaintiff alleges Absolute "is strictly liable to plaintiff as it was the party best able to protect persons like decedent from its defective and unreasonably dangerous

---

[7] R. Doc. 1. The Plaintiff filed an amended complaint on September 1, 2016. R. Doc. 6. The Court consolidated the Plaintiff's civil action for damages—No.16-13731—with her *in rem* action—No. 16-14729. R. Doc. 16.
[8] *See* R. Doc. 6.
[9] R. Doc. 6 at 5–6. There is no complete diversity in this matter. Thus, the only basis for this Court's subject-matter jurisdiction is admiralty jurisdiction.
[10] R. Doc. 11.
[11] R. Doc. 25.
[12] *Id.*

2

personal flotation device, a defect which caused a failure of the device to inflate and provide buoyancy to decedent."[13] The Plaintiff further alleges "[j]urisdiction of the second cause of action [for products liability] against the aforesaid defendants is based upon the general maritime law of the United States."[14]

The Decedent is a maritime employee covered by the Longshore and Harbor Workers Compensation Act ("LHWCA").[15] Thus, the Plaintiff must look to the LHWCA for available rights and remedies. Section 933 of the LHWCA preserves the Plaintiff's wrongful death claim against a non-vessel owner third party.[16] The Supreme Court in *Moragne v. States Marine Line, Inc.*, recognized the presence of a wrongful death claim under general maritime law for a widow of a longshoreman killed while working aboard a vessel in state territorial waters.[17] The Supreme Court extended the general maritime law wrongful death action for a maritime employee killed in state waters to include an action for negligence.[18] Thus, the Plaintiff may bring wrongful death causes of action under the general maritime law. The Plaintiff contends her *Moragne/Garris* general maritime law wrongful death action against Absolute includes a claim for products liability.[19]

The Supreme Court has recognized products liability, including strict products liability, as part of the general maritime law.[20] The Supreme Court's rationale in other cases involving injuries to maritime workers—"that strict liability should be imposed on

---

[13] R. Doc. 6 at 5–6, ¶ 17.
[14] *Id.* at 6, ¶ 19.
[15] 33 U.S.C. §901, et seq.
[16] 33 U.S.C. §§ 933(a), (i); *see also Norfolk Shipbuilding & Drydock Corp. v. Garris*, 532 U.S. 811, 819 (2001) ("[W]e have consistently interpreted § 933 to preserve federal maritime claims as well as state claims.").
[17] 398 U.S. 375 (1970).
[18] *Garris*, 532 U.S. at 818–19.
[19] R. Doc. 25, 32.
[20] *East River S.S. Corp. v. Transamerica Delaval Inc.*, 476 U.S. 858, 865 (1986) ("We join the Courts of Appeals in recognizing products liability, including strict liability, as part of the general maritime law.").

3

the party best able to protect persons from hazardous equipment—is equally applicable when the claims are based on products liability."[21]

The Court agrees with the Plaintiff that "the seafarer's state water wrongful death action, grounded in general maritime law starting with *Moragne* (unseaworthiness) and expanded in *Garris* (negligence), includes a general maritime products liability cause of action."[22] The Court must then determine whether the LPLA supplements or supplants the general maritime products liability law.

II. **The LPLA Does Not Supplement or Supplant Strict Products Liability Law under General Maritime Law**

"With admiralty jurisdiction . . . comes the application of substantive admiralty law."[23] Under the Preemption Clause of the Constitution, federal law preempts conflicting state law.[24] Judge-made general maritime law is a facet of federal common law and therefore preempts conflicting state law.[25] However, the Supreme Court has approved the application of state law where it serves to supplement, but not contravene, the general maritime law by filling a "gap" therein.[26] A court may supplement general maritime law with state law under three conditions: "(1) where there is no applicable admiralty rule; (2) where local and state interests predominate; and (3) where the uniformity principle is not crucial."[27]

---

[21] *Id.* at 865–66.
[22] R. Doc. 32.
[23] *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 206 (1996) (quoting *East River*, 476 U.S. at 864) (internal quotation marks omitted).
[24] U.S. CONST., art. VI, cl. 2.
[25] THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW § 4–3 (5th ed.) (citing *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, (1955)) ("[T]he judge-made general maritime law, when in conflict with state law, is supreme.").
[26] *See e.g.*, *Yamaha*, 516 U.S. 199.
[27] SCHOENBAUM at § 4-2 (citing *Wilburn Boat Co.*, 348 U.S. 310; *see also Southern Pacific Co. v. Jensen*, 244 U.S. 205, 216 (1917).

The Court may supplement the general maritime law with state law only to fill a "gap" therein. The applicable rule for strict products liability under general maritime law that has been embraced by both the Supreme Court and the Fifth Circuit is Section 402A of the Restatement (Second) of Torts.[28] The Supreme Court has stated Section 402A is the "best expression" of the law of products liability under the general maritime law.[29] The first condition is not met, as there is no gap in the general maritime law for which state law is needed to fill.

Further, the second and third conditions are not met. Courts have found that, by applying the Restatement in maritime products liability cases, "the Court furthers the federal interest in establishing uniform rules of maritime law."[30] Stated another way, state interest does not predominate and the uniformity principle is indeed crucial, such that the Court will not supplement the general maritime law with state law.

Because the three conditions under which a court may supplement general maritime law are not met, the Court declines to apply the LPLA to the Plaintiff's strict products liability claim against Absolute.[31] As a result, the Plaintiff's claims in this matter sound solely in admiralty, and Absolute is not entitled to a trial by jury.[32] Further, Absolute's affirmative defenses alleging the applicability of the LPLA are stricken.

Accordingly;

---

[28] *See, e.g.*, *Saratoga Fishing Co. v. J.M. Martinac & Co.*, 520 U.S. 875 (1997); *Vickers*, 822 F.2d at 538.
[29] *See, e.g.*, *Saratoga Fishing Co. v. J.M. Martinac & Co.*, 520 U.S. 875 (1997); *Vickers*, 822 F.2d at 538.
[30] *Transco Syndicate #1, Ltd. v. Bollinger Shipyards, Inc.* (citing *Louisiana Ex. Rel. Guste v. M/V TESTBANK*, 752 F.2d 1019, 1032 (5th Cir. 1985))
[31] The Court understands that it may—but is not required—to adopt state law by either express or implied reference when state law does not conflict with federal law. *Palestina v. Fernandez*, 701 F.2d 438, 439 (5th Cir. 1983). However, the Court declines to do so, as the Fifth Circuit and majority of circuit courts have applied the Restatement to maritime product liability actions. *See, e.g.*, *Vickers v. Chiles Drilling Co.*, 822 F.2d 535, 538 (5th Cir. 1987); *Ocean Barge Transport Co. v. Hess oil Virgin Islands Corp.*, 726 F.2d 121, 123 (3d Cir. 1984).
[32] *See Waring v. Clarke*, 12 L. Ed. 226 (1847); SCHOENBAUM, § 21–10; *see also* FED. R. CIV. P. 38(e).

**IT IS ORDERED** that Plaintiff's motion for judgment on the pleadings is **GRANTED.**

**IT IS FURTHER ORDERED** that Absolute's Affirmative Defenses 5, 7, 8, 9, 10, and 12 are **STRICKEN**.

**IT IS FURTHER ORDERED** that the jury demand in this case be **STRICKEN**. This matter will proceed to a bench trial.

**IT IS FURTHER ORDERED** that Absolute file by **August 22, 2017** an amended answer to the Plaintiff's amended complaint, striking its jury demand and Affirmative Defenses 5, 7, 8, 9, 10, and 12, and including any defenses to the Plaintiff's claim for strict products liability under general maritime law.

**New Orleans, Louisiana, this 11th day of August, 2017.**

*Susie Morgan*
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**